UNITED STATES, Appellee

v

MOSES M. POUNDS, JR., Airman Basic, U. S. Air Force,
Appellant

No. 27,989

June 21, 1974

*Captain Phillip F. O'Neill* argued the cause for Appellant, Accused. With him on the brief was *Colonel William E. Cordingly.*

*Captain Fred W. Kuhn* argued the cause for Appellee, United States. With him on the brief was *Colonel C. F. Bennett.*

## OPINION OF THE COURT

DUNCAN, Chief Judge:

Two trials for the same period of absence without leave have led the Judge Advocate General, United States Air Force, to certify to this Court the question whether the United States Air Force Court of Military Review was correct in holding that the military judge at the second trial did not err in rejecting the accused's plea of former jeopardy.

At the first trial, the accused was arraigned and pleaded to a charge of absence without leave from Malmstrom Air Force Base, Montana, from October 19, 1972, until November 29, 1972. Documentary evidence was introduced establishing that he was transferred to Malmstrom from Lowry Air Force Base, Colorado, with a reporting date of October 13, 1972 (later extended to October 19, 1972), and that he did not in fact report to Malmstrom until November 29, 1972.

The documents indicated the accused, regardless of reporting date, was not to be lost from Lowry's strength accountability and added to Malmstrom's strength accountability until November 15. The defense, at the conclusion of the prosecution's case, argued that this meant the accused was in fact absent without leave from Lowry Air Force Base and not from Malmstrom Air Force Base. Accordingly, he moved for a finding of not guilty. In response, the trial counsel moved to amend the specification to allege an unauthorized absence from Lowry. On objection by the defense, this motion was denied. Trial counsel then moved to dismiss the charges. This motion was granted.

At the second trial, the accused was arraigned and tried on a charge of absence without leave from Lowry Air Force Base. With minor exceptions and substitutions, he was convicted of this charge, covering the same period as involved in the first trial.

■ In my opinion, there was no variance between the charge and proof in the first trial. Accused was due to report at Malmstrom Air Force Base on October 19 and he did not do so until November 29. Hence, he was absent from the place at which his orders required him to be.

It is to be conceded that the Air Force system of strength accountability provides, for record keeping purposes, that "on paper" the losing unit will retain responsibility for the accused on its morning report until a stated effective date of change in strength reporting has passed. United States v Johnson, 45 CMR 604 (AFCMR 1972). This simply means that for convenience in maintaining accurate records, a standard date was set by regulation for transferring the accused from Lowry's strength report to Malmstrom's strength report. It is a "device used to insure that each member is accounted for by *only one unit at a time.*" Paragraph 2-3, Air Force Manual 35-15, 1970 (emphasis supplied). In this case the date of change was November 15, 1972.

Thus, Lowry Air Force Base quite correctly recorded the inception of accused's absence without leave on its records, an extract of which was introduced at the first trial. Malmstrom also properly recorded his ultimate reporting date, an extract of which was properly introduced at the trial. With the evidence in such a posture, a *prima facie* case was made out against the accused, and there was absolutely no variance between the charge of absence from Malmstrom and the proof that he was not there during the period alleged.

The Court of Military Review seemed to recognize this, believing the problem to be one of evidence, *i.e.,* which unit had the responsibility for making record entries concerning the accused's absence. So far, it was correct in its analysis, but it went on erroneously to conclude that the accused, based solely on Lowry's responsibility to keep records as to his strength accountability, might be charged with absence without leave from Lowry as well as Malmstrom.

Article 86, Uniform Code of Military Justice, 10 USC § 866, is designed to punish an offender for being absent from any place at which he was required to be. United States v Johnson, 3 USCMA 174, 178, 11 CMR 174, 178 (1953). Having received his orders to report to Malmstrom on a date certain, accused no longer had any duty to remain at or to return to Lowry. His place of duty was at Malmstrom and, on his failure to report, he was absent from there and there alone. Thus, if there is any fatal variance between the allegations and the proof, it is at the second trial, at which he was convicted of absence from Lowry when he was in fact absent from Malmstrom. See United States v Rosen, 45 CMR 728 (AFCMR 1972).

In my view, this case is not at all like United States v Ivory, 9 USCMA 516, 26 CMR 296 (1958), which the government argues is dispositive. In that case, the accused was charged with absence from an ordnance regiment to which he had never been assigned, and the proof demonstrated he had absented himself without leave from an overseas replacement depot. He was found guilty, but not sentenced. Judge Latimer after discussing a principle of estoppel which would prevent appellant, Ivory, "from claiming as a prejudicial irregularity the relief

which he himself requested," based his determination on the theory that the jeopardy provisions of Article 44, UCMJ, 10 USC § 844, did not bar the second trial. *Id.* at 519, 26 CMR at 299. Article 44(b) reads:

No proceeding in which an accused has been found guilty by a court-martial upon any charge or specification is a trial in the sense of this article until the finding of guilty has become final after review of the case has been fully completed.

The principal opinion in *Ivory* then concluded:

Applying this particular provision to the case at bar, the first hearing at which the accused was found guilty was not a trial in the sense of Section (b) for the first step after the findings was never completed. . . . [W]hen trial proceedings are interrupted for good and valid reasons other than the failure of proof, the incompleted action will not support a jeopardy defense.

9 USCMA at 520, 26 CMR at 300.

The defense argued that "if charges are withdrawn because of a material variance, this is equivalent to a dismissal of an action because of insufficiency of the evidence" and a second trial would be barred by Article 44(c), UCMJ *Id* at 521, 26 CMR at 301. The principal opinion in *Ivory* related in this regard, as follows:

This particular provision was designed to prevent a convening authority from affording the Government a second opportunity to convict an accused by dismissing a court before findings if he felt that the prosecution had not adequately proved its case and the trial might result in an acquittal. The Government could then gather more evidence and retry the accused with evidence which would insure a certainty of conviction.

*Id.* It is further stated in the *Ivory* rationale "that a dismissal for a material variance is not a withdrawal for insufficiency of evidence which precludes trying the accused again for the proper offense." *Id.*

Chief Judge Quinn, concurring in

*Ivory,* wrote that "a question of double jeopardy is not answered simply in terms of the provisions of Article 44." *Id.* at 522, 26 CMR at 302. Chief Judge Quinn found that Ivory was in no position to complain of a position he produced, as he was not prejudiced. Judge Ferguson found a fatal variance existed in the first trial.

A reappraisal of *Ivory* is not now indicated; however, I would confine its impact to its peculiar fact pattern.

■ In contrast to *Ivory,* this accused was tried on a proper charge, with the proper evidence taken. Here there was no material variance, and no finding of guilty. Rather than risk the military judge's ruling on the defense's motion for a finding of not guilty, however erroneously it might have been, the prosecution elected to seek, and successfully sought, a dismissal of the charges based on a failure of the available evidence. This expressly constituted a trial on the charges within the meaning of Article 44, UCMJ, and required the defense plea of former jeopardy to be allowed in the second trial.

The importance of the right to be tried only once for a single offense has been repeatedly emphasized by the Supreme Court. United States v Jorn, 400 US 470 (1971); Gori v United States, 367 US 364 (1961). The proscription against plural trials is enshrined in our Constitution and its application to military trials settled by the decision in Wade v Hunter, 336 US 684 (1949). See also United States v Richardson, 21 USCMA 54, 58, 44 CMR 108, 112 (1971). Its purpose is to permit the defendant " 'once and for all, to conclude his confrontation with society through the verdict of a tribunal he might believe to be favorably disposed to his fate.' " *Id.*

Through the action of the prosecution in securing a dismissal of the charges after the evidence was in, this accused was denied that right. The fact that the prosecution erroneously assessed the state of the proof and moved to dismiss the case after the defense motion for a finding of not guilty should not be held an excuse to permit another trial of the appellant. I do not believe that the responsibility for the management of the

Government's case and a trial judge's error effectively shifted to appellant because he (1) objected to the introduction of evidence, which objection was overruled, (2) he moved for a finding of not guilty, which was not ruled upon, and (3) he did not object to the motion for dismissal. The defense should not have to bear such a burden.

Aside, therefore, from the looming and unanswered question of a fatal variance between the charge and the proof in the second trial, we hold that the military judge erred in rejecting the accused's plea of former jeopardy.

We answer the certified question in the negative. The finding and sentence are set aside, and the charge and specification are dismissed.

Senior Judge FERGUSON concurs.

QUINN, Judge (dissenting):

For the reasons set out in my separate opinion in United States v Ivory, 9 USCMA 516, 26 CMR 296 (1958), I would answer the certified question in the affirmative and affirm the decision of the Court of Military Review.